UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON MORALES,

Plaintiff,

v.

SGT. KEATING, et al.,

Defendants.

Civ. No. 14-535 (NLH)

OPINION

APPEARANCES:
Jason Morales, #221897
Atlantic County Justice Facility
5060 Atlantic Ave.
Mays Land, NJ 08330
Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Jason Morales, a prisoner confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the Complaint will be dismissed for failure to state a claim.

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Procedural History

Plaintiff filed his Complaint on or about January 27, 2014. (ECF No. 1). On April 22, 2015, the Court issued a Notice and Order indicating that it was inclined to grant Plaintiff’s

application to proceed in forma pauperis. However, the Court was hesitant to impose the $350.00 fee, considering Plaintiff may have misunderstood the true amount of the filing fee due to the fact that his Complaint was submitted on outdated forms. Accordingly, the Court granted Plaintiff thirty days to decide whether he wished to withdraw his Complaint without incurring any fees; or whether he wished to proceed in forma pauperis with the knowledge that the entire $350.00 fee will be deducted from his account. The Order also stated that, in the event Plaintiff did not file a written response choosing one of those options within thirty days, then the Court would rule on the application to proceed in forma pauperis and Plaintiff would be assessed the entire $350.00 filing fee.

The thirty day deadline has passed without a response from Plaintiff. Therefore, the Court hereby GRANTS Plaintiff's application to proceed in forma pauperis. As explained in the Court's April 22, 2015 Order, the Court will now screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B).

B. Factual Allegations

In his Complaint, Plaintiff states that on January 8, 2014, prison officials conducted a search of his cell. (Compl. 4, ECF No. 1). Plaintiff asserts that, during this search, prison officials ripped his Bible and made derogatory and racially charged comments to him. Plaintiff also states that he did not receive his dinner tray later that night.

Plaintiff names as defendants: (1) Sergeant Keating, as the prison official who supervised the search; (2) C.O. Jennings, as the prison official who ripped his Bible and made the derogatory comments; (3) C.O. Hanburg, as the female prison official who ripped his Bible and refused to give Plaintiff his dinner tray; (4) Sergeant Navas, whose involvement is not explained; and (5) the Atlantic City Justice Facility.[1]

Plaintiff seeks relief in the form of reimbursement for the damage to his personal property as well as monetary damages for emotional stress.

[1] Plaintiff refers to his place of confinement as the Atlantic "City" Justice Facility and he lists this entity on the caption of his Complaint. (Compl. 1, 3, ECF No. 1). The Court notes that the proper name for the facility located at 5060 Atlantic Ave. in Mays Landing, New Jersey is the Atlantic "County" Justice Facility. The Court will refer to it as such throughout the remainder of this Opinion.

## II. STANDARDS OF REVIEW

### A. Sua Sponte Dismissal

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The determination of whether the factual

allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a pro se complaint, the Court must be mindful to accept its factual allegations as true, see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F.

App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III. ANALYSIS

Plaintiff does not state whether he was a pre-trial detainee or a convicted and sentenced prisoner at the time of the event described. Nevertheless, the result here is the same either way.

A. Claims Against the Atlantic County Justice Facility

Plaintiff lists the Atlantic County Justice Facility in the caption of his Complaint. (Compl. 1, ECF No. 1). A jail, however, like a police department, is not a "person" amenable to suit under § 1983. See, e.g., McCargo v. Camden Cnty. Jail, No. 13-0868, 2014 WL 116329, at *2 (D.N.J. Jan. 9, 2014) (collecting cases); Parrish v. Aramark Foods, Inc., No. 11–5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012) (collecting cases). Therefore, to the extent Plaintiff intended to name the Atlantic County Justice Facility as a defendant, any claims against this entity will be dismissed with prejudice.

B. Claims based on the ripped Bible

Plaintiff alleges in his Complaint that C.O. Jennings and C.O. Hanburg ripped his Bible during their search of his cell and he seeks reimbursement for this property loss. In making these allegations, however, Plaintiff does not appear to be asserting any type of constitutional violation. Rather, he appears to set forth a claim — albeit undeveloped — for destruction of property which properly sounds in state tort law and is therefore not cognizable as a substantive constitutional claim under § 1983.

Moreover, an unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due

Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 530–36 (1984). However, post-deprivation remedies will not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S. Ct. 1148, 1158, 71 L. Ed. 2d 265 (1982).

Here, Plaintiff does not allege that the actions of C.O. Jennings and C.O. Hanburg were the result of an established state procedure. Additionally, New Jersey does provide a post-deprivation remedy for unauthorized deprivation of property by public employees. See New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1–1, et seq. (2001); see also Peterson v. Holmes, No. 12-865, 2012 WL 5451435 at *5 (D.N.J. Nov. 7, 2012). Thus, the allegations in the Complaint against Defendants Jennings and Hanburg for deprivation or destruction of property do not constitute a constitutional violation. See Tapp v. Proto, 404 F. App'x 563, 567 (3d Cir. 2010) (citing Tillman v. Lebanon County Corr., 221 F.3d 410, 422 (3d Cir. 2000)) (summarily dismissing prison due process claims where plaintiff had state tort suits for conversion of property and prison grievance procedures available to him); see also Miller v. Fraley, No. 12-4470, 2015 WL 511296, at *11 (D.N.J. Feb. 6, 2015) (dismissing with

prejudice prisoner's destruction or loss of personal property claim).

Accordingly, any claims for property damage against C.O. Jennings and C.O. Hanburg are dismissed with prejudice. See Tapp, 404 F. App'x at 567; Miller, No. 12-4470, 2015 WL 511296, at *11. To the extent Plaintiff means to assert a constitutional violation based on the ripping of his Bible, Plaintiff has failed to allege facts sufficient to state a cognizable claim for relief. Therefore, any such claims are dismissed without prejudice, and Plaintiff is granted leave to assert such a claim in a proposed amended complaint as specified below. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

C. Claims based on derogatory comments

Plaintiff asserts in his Complaint that C.O. Jennings made derogatory comments to him during the search of Plaintiff's cell. Thus, it appears that Plaintiff intends to set forth some type of claim based on verbal harassment. However, it is well-established that mere words spoken to a prisoner by a correctional officer — even when those words are harsh — do not amount to a violation of the prisoner's civil rights by the officer. See, e.g., Gannaway v. Berks Cnty. Prison, 439 F. App'x 86, 91 (3d Cir. 2011) (citing DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the

Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.”); Ayala v. Terhune, 195 F. App'x 87, 92 (3d Cir. 2006) (citing Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) (holding that use of derogatory racial epithets does not violate the Fourteenth Amendment)); see also Boyd v. Mills, No. 13-3094, 2013 WL 3964913, at *2 (D.N.J. July 31, 2013) (“Acts of verbal harassment, while ethically or aesthetically reprehensible, cannot qualify as violations of the Eighth Amendment.”) (collecting cases).

Accordingly, any claim based on allegations of verbal harassment by C.O. Jennings are not cognizable under § 1983 and must be dismissed with prejudice.

D. Claims based on failure to provide a meal

In his Complaint, Plaintiff asserts that on the night the search of his cell was conducted, C.O. Hanburg refused to provide Plaintiff with his dinner tray. However, the “purported deprivation of a single meal is not of such magnitude as to rise to the level of a constitutional violation.” Lindsey v. O'Connor, 327 F. App'x 319, 321 (3d Cir. 2009) (citing Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (holding that only a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim)). Accordingly, Plaintiff’s

allegation that he missed one meal on January 8, 2014 does not amount to a constitutional violation. This claim will be dismissed with prejudice for failure to state a claim.

E. Claims against Sergeant Keating

Plaintiff also names Sergeant Keating as a defendant. (Compl. 3, ECF No. 1). Although Plaintiff does not allege that Sergeant Keating participated in the alleged property destruction or verbal harassment, Plaintiff does assert that Sergeant Keating supervised the search and personally witnessed these incidents. Thus, Plaintiff has sufficiently plead Defendant Keating's personal involvement. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."); Haagensen v. Wherry, No. 14-4301, 2015 WL 4461840, at *2 (3d Cir. July 22, 2015).

Nevertheless, as discussed above, any claims based on loss or destruction of property or on verbal harassment are dismissed with prejudice for failure to state a claim. Therefore, those claims as applied to Defendant Keating are likewise dismissed with prejudice. However, to the extent Plaintiff means to

assert a claim for constitutional violations against Defendant Keating based on the ripping of his Bible, such a claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

F. Claims against Defendant Navas

Other than the allegation that Defendant Navas is an official at the Atlantic County Justice Facility, Plaintiff has failed to plead any facts relating to Defendant Navas. Thus, it is unclear how, and if, he or she is involved with the incident described in the Complaint. Accordingly, any claims against Defendant Navas must be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Complaint is dismissed for failure to state a claim. Plaintiff's claims for property damage, verbal harassment or failure to provide one meal are dismissed with prejudice. See Grayson, 293 F.3d at 108 (a district court may deny leave to amend under Rule 15(a) when amendment is futile). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a constitutional claim under § 1983 related to the ripping of his Bible, the Court will grant Plaintiff leave to file an application to re-open accompanied by a

proposed amended complaint.[2] See Denton, 504 U.S. 25; Grayson, 293 F.3d 103.

An appropriate Order will be entered.

s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: November 5, 2015
At Camden, New Jersey

[2] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. See West Run Student Housing Associates, LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). See also 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008). To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself. Id.